**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JUDY TANGUMA, as Next Friend of J.I.S., a Minor, and ANGEL GABRIEL SALINAS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 7:25-CV-00405 |
| CITY OF MISSION, TEXAS, CITY OF MCALLEN, TEXAS, and ANTONIO "TONY" GARCIA, Individually and in His Official Capacity as SWAT Team Officer for the City of Mission, Texas, and Peace Officer for the City of McAllen, Texas, | § § § § § § § § § | |
| Defendants. | § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the May 6, 2026, Report and Recommendation ("R&R") prepared by Magistrate Judge J. Scott Hacker.  (Dkt. No. 41).  Judge Hacker made findings and conclusions and recommended that Defendant City of Mission, Texas's ("Mission") Motion to Dismiss, (Dkt. No. 6), be granted, (Dkt. No. 41 at 2).

The Parties were provided proper notice and the opportunity to object to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  On May 20, 2026, Judy Tanguma, as next friend of J.I.S., a minor, and Angel Gabriel Salinas ("Plaintiffs") filed five objections. (Dkt. No. 46).  First, Plaintiffs object to the recommendation that Mission's Motion to Dismiss should be granted to the extent that it dismisses their 42 U.S.C. § 1983 claims.  (*Id.* at 2). Second, Plaintiffs object to the finding that their live pleadings did not sufficiently state a

claim for municipal liability. (*Id.*). Third, Plaintiffs object to the conclusion that their live pleadings do not refer to any other specific instances of law-enforcement officers sharing images of deceased bodies at crime scenes. (*Id.* at 2–3). Fourth, Plaintiffs object to the finding that the incident does not present an extreme factual situation within the Fifth Circuit's precedent regarding ratification. (*Id.* at 3). Fifth, Plaintiffs object to the finding that they did not offer any response to Mission's argument that Plaintiffs' request for punitive or exemplary damages is barred. (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the R&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the R&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)   Judge Hacker's R&R, (Dkt. No. 41), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)   Defendant Mission's Motion to Dismiss, (Dkt. No. 6), is **GRANTED without prejudice**.

It is SO ORDERED.

2

3

Signed on June 1, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

3